# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DOMINGUEZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>WERNER ENTERPRISES, INC., an unknown business entity; GREGORY GRIMES, an individual; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 5:25-cv-02401-SPG-E<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 8]** |

Before the Court is the Motion to Remand, (ECF No. 8 ("Motion")), filed by Plaintiff Paula Dominguez ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.    BACKGROUND

Plaintiff initiated this action in San Bernardino County Superior Court on July 30, 2025. (ECF No. 1-2 ("Complaint")). Plaintiff alleges claims for sexual harassment, failure to prevent sexual harassment, assault, sexual battery, and intentional infliction of emotional distress against Defendants Werner Enterprises, Inc. ("Werner") and Gregory Grimes

1  ("Grimes," or, together with Werner, "Defendants"). (*Id.*). Plaintiff's Counsel attests that
2  Werner's counsel executed a Notice of Acknowledgement and Receipt on August 14, 2025,
3  constituting service of the Complaint, and that Plaintiff served Grimes on August 22, 2025.
4  (ECF No. 8-1 ("Aguilar Declaration") ¶¶ 3-4). Plaintiff then filed his First Amended
5  Complaint ("FAC") on August 27, 2025, and served Werner and Grimes with the FAC on
6  September 5, 2025, and September 12, 2025, respectively. (*Id.* ¶¶ 5-6).

7      Werner removed the case to this Court on September 12, 2025. (ECF No. 1).
8  Plaintiff filed the instant Motion to Remand on October 10, 2025, asserting that Werner
9  failed to obtain consent from Grimes prior to removal, as required by 28 U.S.C.
10 § 1446(b)(2)(A). (Mot.). Grimes subsequently consented to removal on October 17, 2025.
11 (ECF No. 10). Werner opposed the Motion on October 29, 2025, (ECF No. 14
12 ("Opposition")), and Plaintiff replied in support of the Motion on November 5, 2025, (ECF
13 No. 21 ("Reply")).

## II.    LEGAL STANDARD

15     Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction
16 only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian*
17 *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action
18 filed in state court to federal court if the federal court would have had original jurisdiction
19 over the suit. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section
20 1441(a), all defendants who have been properly joined and served must join in or consent
21 to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Where fewer than all the
22 defendants have joined in a removal action, the removing party has the burden under
23 section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of
24 removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

25     There is a "strong presumption" against removal jurisdiction, and "[f]ederal
26 jurisdiction must be rejected if there is any doubt as to the right of removal in the first
27 instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The
28 removal statute is strictly construed, and any doubt about the right of removal requires

1  resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,

2  1244 (9th Cir. 2009).   The removing party bears the burden of establishing federal subject-

3  matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

4  **III.  DISCUSSION**

5         Plaintiff argues that remand is warranted because Werner failed to obtain Grimes'

6  consent prior to removing the case. (Mot. at 4).  Under 28 U.S.C. § 1446(b)(2)(A), "[a]ll

7  defendants who have been properly joined and served must join in or consent to the

8  removal of the action."  Because Grimes is named as a Defendant in the Complaint and

9  was served as of August 22, 2025, Plaintiff argues that Werner's September 12, 2025,

10 removal of the case was defective.

11        In its Opposition, Werner concedes that Grimes was properly joined and served prior

12 to removal, but it argues that this procedural defect was cured by Grimes' notice of consent

13 filed on October 17, 2025.  (Opp. at 5-6).  Citing *Destfino v. Reiswig*, Werner argues that

14 the Court "may allow the removing defendants to cure the defect by obtaining joinder of

15 all defendants prior to the entry of judgment."  630 F.3d 952, 956-57 (9th Cir. 2011).

16 Alternatively, Werner argues that, pursuant to Federal Rule of Civil Procedure 6(b), the

17 Court may extend Werner's time to obtain consent based on "excusable neglect." (Opp. at

18 3-4).  Werner argues that its failure to obtain Grimes' consent is excusable because there

19 is no prejudice to Plaintiff, the delay was brief and has not interrupted proceedings, the

20 circumstances were outside of Werner's control, and Werner has acted in good faith. (*Id.*).

21        As an initial matter, the Court agrees with Plaintiff that Grimes' consent to removal

22 was untimely.  The Court notes that § 1446(b)(2)(A) does not explicitly set a deadline by

23 which all defendants must consent to removal. *See Padilla v. Am. Mod. Home Ins. Co.*,

24 282 F. Supp. 3d 1234, 1263 (D.N.M. 2017) ("The statute requires only that all defendants

25 consent to removal; it is silent regarding when that consent must take place.").  District

26 courts have split as to the appropriate deadline, with some courts requiring consent as of

27 the date of removal and others setting a deadline of thirty days from the date of removal or

28 thirty days from the date of service on the non-removing defendant. *See Ray v. Dzogchen*

*Shri Singha Found. USA, Inc.*, No. 3:23-cv-233-SI, 2023 WL 3451987, at *3 (D. Or. May 12, 2023) (collecting cases).    In this Court's view, a straightforward reading of § 1446(b)(2)(A) requires that the consent of all defendants must be obtained "[w]hen a civil action is removed"—in other words, at the time of removal.    Nevertheless, the Court need not definitively decide this question because Grimes' consent to removal was untimely under any of the deadlines adopted by other courts.    Grimes did not submit a notice of consent to removal until October 17, 2025, more than thirty days after Werner's September 12, 2025, removal and the August 22, 2025, service.    Thus, Grimes' consent was untimely.

Because Grimes' consent was untimely, the Court must next determine whether Grimes' subsequent notice of consent can cure this defect.    In *Destfino*, the Ninth Circuit stated that if the removing defendants have not obtained unanimous consent "when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 956-57.    Despite this seemingly straightforward statement, however, there are reasons to doubt the applicability of *Destfino*.

First, the quoted language from *Destfino* appears to overstate the principle as recognized in other Ninth Circuit opinions.    The *Destfino* court cited to *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002), as the basis for the proposition quoted above, and *Soliman* in turn cited to *Parrino v FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). However, in *Parrino*, the court explained that this rule applied only to the "Court of Appeals" and that district courts are not authorized to "ignore the procedural requirements for removal." *Parrino*, 146 F.3d at 703 n.1; *see also Soliman*, 311 F.3d at 970 (citing *Parrino* for the proposition that a "procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant *reversal* [by the appellate court] and remand of the matter to state court" (emphasis added)).    While *Destfino* did not explicitly recognize the rule as being limited to the Court of Appeals, nor did it apply this principle to approve a district court's curing of a procedural defect.    Instead, *Destfino* concluded that there was no procedural defect in removal that required curing "[b]ecause none of the non-

joining defendants was properly served." *Destfino*, 630 F.3d at 957.  Because *Destfino* "did not analyze or discuss this standard or otherwise explain how or why it was expanding *Parrino* and *Soliman* without discussion or analysis," one district court has declined to follow this rule as "dicta." *Ray*, 2023 WL 3451987, at *4.  Similarly, a number of other district courts—including this Court—have distinguished *Destfino* either as limited to situations where the procedural defect is not raised until after the time for a motion to remand has passed under 28 U.S.C. § 1447(c), *Terteling v. Terteling*, No. 1:22-cv-00271-CWD, 2022 WL 9327714, at *5 (D. Idaho Oct. 14, 2022), or as limited to situations where the non-joining defendants were not properly served, *Bender v. Sunbeam Prods., Inc.*, No. 5:25-cv-01571-SPG-BFM, 2025 WL 2555790, at *4 (C.D. Cal. Sept. 4, 2025) (Garnett, J.); *Tacey Goss P.S. v. Barnhart*, No. C13-800MJP, 2013 WL 4761024, at *3 (W.D. Wash. Sept. 4, 2013).

Second, *Destfino* was decided in January 2011, before the December 7, 2011, amendments to § 1446(b) codified the unanimity rule.  *See* Pub. L. No. 112-63, § 103(b)(3)(B), 125 Stat. 760, 762 (2011).  Prior to that date, the unanimity rule was a "judge-made rule," which permitted "judge-made exceptions." *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021).  However, following Congress' codification of the unanimity rule, courts no longer retain discretion to apply any exceptions to the unanimity rule that were not enacted by Congress.  *Id.*; *see Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 27 (1989) ("[Courts] are not at liberty to create an exception where Congress has declined to do so.").  Because § 1446(b)(2)(A) does not contain any statutory method for curing deficiencies, it is doubtful that the Court may imply one, notwithstanding the language in *Destfino*.  *See Taylor*, 15 F.4th at 153 ("[N]othing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses."); 14C Wright & Miller, Federal Practice & Procedure § 3739.2 (4th ed. 2025) ("[I]f fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1467, that defect cannot be cured.").

However, even if the Court has the power to excuse Werner's failure to comply with the unanimity rule, the Court would not so exercise its discretion. In describing the power of courts to cure a defect in the unanimity rule, the *Destfino* court used the permissive word "may," suggesting that the power is discretionary. *See Destfino*, 630 F.3d at 956-57. Such an exercise of discretion is not warranted here for several reasons. First, Werner made no attempt to obtain Grimes' consent prior to removing this case and therefore cannot show "excusable neglect." While Werner claims that it did not know that Grimes had been served, Plaintiff attests that this information was available on the state court docket. (Mot. at 5). Moreover, even if the information was not on the docket, Werner could have communicated with Grimes—who is employed by Werner—and asked whether he had been served, rather than simply assuming that he had not been. Werner's argument that the delay in obtaining consent was due to "circumstance[s] out of Werner's control" is unpersuasive given that it made no efforts to talk to Grimes until after the case had been removed. (Opp. at 4). Second, this action remains at a very early stage, so the policy goals animating the line of cases cited in *Destfino*—avoiding the "exorbitant cost" that would result from "wip[ing] out the adjudication post-judgment, and return[ing] to state court a case now satisfying all federal jurisdictional requirements," *Parrino*, 146 F.3d at 703 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996))—is not present here. Third, Plaintiff properly joined and served all Defendants prior to removal and was therefore entitled to his choice of forum unless all Defendants consented to removal. Depriving Plaintiff of his choice of forum when Defendants have not complied with the procedural requirements for removal would be inappropriate. Lastly, as discussed above, courts in this Circuit apply a "strong presumption" against removal jurisdiction and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Based on the lack of timely consent, there is strong reason to doubt the right of removal in this case. For all of these reasons, the Court concludes that Grimes' subsequent notice of consent did not cure the defective removal. For the same reasons,

even assuming Federal Rule of Civil Procedure 6(b) could apply here,[1] the Court would decline to extend the time for Grimes' consent.

Finally, Plaintiff requests that the Court award attorney's fees for his costs incurred in contesting removal. (Mot. at 5-6). Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including the attorney fees, incurred as a result of the removal." The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Applying this standard, the Court finds that an award of attorney's fees is not warranted here. Save for the failure to comply with the unanimity rule, removal of this case would have been proper, as there is complete diversity of citizenship and the amount in controversy is well in excess of $75,000. While Werner's failure to obtain consent was not the result of excusable neglect, the Court finds that its efforts to remove the case were otherwise objectively reasonable.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion, REMANDS this matter to the San Bernardino County Superior Court, and closes the case.

**IT IS SO ORDERED.**

DATED:  December 3, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, although the Ninth Circuit has not addressed the question, some courts have held that Rule 6(b) applies only to "the extension of time periods prescribed by the federal rules or by an order of the district court," not to "time periods set out in statutes." 4B Wright & Miller, Federal Practice & Procedure § 1165 (4th ed. 2025); *see also Sherrod v. Breitbart*, 720 F.3d 932, 938 (D.C. Cir. 2013).